UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Setino West,<br>Plaintiff, | CASE NO: |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| Fine Rugs of Charleston, Inc.<br>Defendant. | |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about September 12, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Setino West, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Fine Rugs of Charleston, Inc., upon information and belief, is a domestic corporation organized and operating in the State of South Carolina in this jurisdiction.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is and industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or about August 2022, the Plaintiff, an African American, began working for the Defendant as a laborer. At all times, the Plaintiff was efficient and effective in his job.

11. On or about October 11, 2022, Plaintiff was called "a black piece of shit" by Kelly McGee, a Caucasian sales associate.

12. Plaintiff went immediately to General Manager, Rhiannon Esposito, to report the racial discrimination. Ms. Esposito told Plaintiff that Ms. McGee would never have said that, and nothing was done.

13. The Plaintiff complained to Ms. Esposito that white co-workers would be allowed to leave early and miss days but when he had asked for one day off to attend a funeral for his Aunt, he was forced to come in and work.

14. Plaintiff requested a meeting with Ms. Esposito. At the start of the meeting the next day, Plaintiff again reported the incident of racial discrimination and was immediately terminated.

15. Plaintiff was terminated for the alleged verbal abuse of a co-worker. Plaintiff's termination was pretextual in nature, and not the true reason for terminating Plaintiff.

16. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

17. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*, and the Equal Employment Opportunity Act.

20. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff based on his race and/or color;

    b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

    c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

21. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

22. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

23. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, he would not have been terminated.

24. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

25. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

26. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

38. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

39. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

40. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

41. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

42. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on him engaging in protected activity.

43. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been terminated.

44. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

45. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

46. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

47. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

48. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

49. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Hostile Work Environment

50. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

51. Once Plaintiff asserted his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

52. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing a hostile work environment to exist in the workplace.

53. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

54. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

55. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional and mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

56. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

57. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

5

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

                                **WIGGER LAW FIRM, INC.**

                                *s/Matthew O. King*
                                Matthew O. King (Fed. I.D. #13793)
                                Attorney for the Plaintiff
                                8086 Rivers Avenue, Suite A
                                North Charleston, SC  29406
                                (843) 553-9800

North Charleston, South Carolina
December 8, 2023