**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Setino West,<br><br>   Plaintiff,<br> v.<br><br>Fine Rugs of Charleston, Inc.,<br><br>   Defendant. | Case No. 2:23-cv-6389-RMG<br><br>**ORDER AND OPINION** |

  Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Defendant's motion for summary judgment be granted in part and denied in part. (Dkt. No. 30). Defendant objects to the Magistrate Judge's recommendation that summary judgment be denied on Plaintiff's claims of race discrimination and retaliation. (Dkt. No. 33). Plaintiff replied. (Dkt. No. 34). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

**I. Background**

  The present suit arises from Plaintiff's claims that his employer engaged in race discrimination, retaliation and subjected him to a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964. Plaintiff, who is African-American, claims that he was terminated after complaining to his General Manager about disparaging racial comments made by his white co-worker. Defendant moved for summary judgment on all three of Plaintiff's claims. (Dkt. No. 21). The Magistrate Judge recommends denying Defendant's motion as to Plaintiff's claims of race discrimination and retaliation, highlighting the existence of a factual dispute between Plaintiff's account of events and that of his General Manager which precludes the Court from ruling at this stage. (Dkt. No. 30 at 8, 13). However, the Magistrate Judge recommends

1

granting summary judgment to Defendant on Plaintiff's hostile work environment claim because Plaintiff's co-worker's alleged utterance—calling Plaintiff a "black piece of shit" on one occasion—was not "severe or pervasive" enough to alter the conditions of his employment. (*Id.* at 13-14).

## II.  Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under

applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.  Discussion

Defendant submits five objections to the R&R. The Court reviews the portion of the R&R to which each objection corresponds *de novo*.

1. "The Magistrate Judge erred in denying summary judgment as to Plaintiff's race discrimination claims by relying on Plaintiff's testimony alone, which created only weak issues of fact and was controverted by overwhelming independent evidence that no discrimination occurred."

The Court overrules this objection. The Magistrate Judge did not "rely[] on Plaintiff's testimony alone," but rather, recognized that "the accounts of what occurred in October are not only diametrically opposed, but also wholly depend on the account of the decision maker herself regarding the plaintiff's alleged misconduct." (Dkt. No. 30 at 8). In light of the existence of a

3

genuine dispute of material facts, the Magistrate Judge rightly declined to grant summary judgment to Defendant in favor of this claim.

2. "The Magistrate Judge erred in denying summary judgment as to Plaintiff's race discrimination and retaliation claims as the record conclusively reveals a non-discriminatory reason for Plaintiff's termination, specifically, that Plaintiff's job performance was unsatisfactory at the time of his termination."

The Court overrules this objection. The record is by no means "conclusive," and rather is largely comprised of the conflicting testimony of Plaintiff and his General Manager. Summary judgment would thus be inappropriate on either claim due to the existence of a genuine dispute of material facts.

3. "The Magistrate Judge erred in denying summary judgment as to Plaintiff's race discrimination claim as she should have applied the same hirer/firer presumption to the facts."

The Court overrules this objection. The Magistrate Judge considered that "[A]ll the evidence in the record agrees that the hiring and firing decision makers were not the same person. Rather, Rob Leahy initially made the decision to hire the plaintiff as a full-time employee with Esposito's subsequent agreement, whereas the termination decision was made by Esposito with subsequent approval by Leahy." (Dkt. No. 30 at 7 n.2).

4. "The Magistrate Judge erred in denying summary judgment as to Plaintiff's race discrimination claim because Plaintiff failed to address the fourth requirement of the McDonnell Douglas framework at all."

The Court overrules this objection. The Magistrate Judge ably found that summary judgment was inappropriate where Plaintiff and Defendant present "diametrically opposed" accounts of the events leading to Plaintiff's termination.

4

5. "The Magistrate Judge erred in denying summary judgment as to Plaintiff's retaliation claim by considering hearsay evidence in the form of a statement made to Plaintiff by Plaintiff's attorney."

The Court overrules this objection. The Magistrate Judge did not rely on inadmissible hearsay evidence, but rather highlighted the conflicting accounts of Plaintiff and Defendant as a basis for denying summary judgment in favor of Defendant on Plaintiff's retaliation claim.

6. "The Magistrate Judge erred in denying summary judgment as to Plaintiff's retaliation claim on the basis a jury could conclude Plaintiff's supervisor was exaggerating what occurred prior to Plaintiff's termination."

The Court overrules this objection. The Magistrate Judge denied summary judgment because of Plaintiff and Defendant's conflicting events, which is the proper legal standard.

### IV.  Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment. (Dkt. No 30). Plaintiff's claims of race discrimination and retaliation survive Defendant's motion.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 1, 2025
Charleston, South Carolina